# SAMUEL JONES et al *vs.* FRANK A. MONROE
## ET AL.

*Elections—Municipal Elections in the City of Annapolis—Acts of 1896, ch. 202 and 1894, ch. 533, construed.*

The Act of 1896, ch. 202, establishing a general election law for the whole State and repealing inconsistent provisions, provided that municipal or charter elections should continue to be regulated as theretofore and that Local Laws providing for the same should continue in force, *Held,* that the Act of 1896 did not repeal the Act of 1894, ch. 533, relating to municipal elections in the city of Annapolis, but that the judges of election, &c., in said city, should be appointed by the corporation under the Act of 1894, and conduct the municipal election in the manner directed by the Act of 1896.

Appeal from a *pro forma* order of the Circuit Court for Anne Arundel County dismissing a petition for a writ of *mandamus* to command the supervisors of election of said County, and other election officials appointed under the general election law of 1896, to provide for a municipal election in the city of Annapolis.

The cause was submitted to the Full Bench on briefs by *Dennis Claude* for the appellants and *James M. Munroe* for the appellees.

PAGE, J., delivered the opinion of the Court.

The petition in this case was filed by persons who are candidates for certain positions in the municipal government of Annapolis. It al eges that the election will take place on the twelfth day of July next, but that the supervisors of election for Anne Arundel County, and other election officials who served as judges and clerks of election at the last general election, refuse to take "any action in regard to the conduct of said election, because they are not satisfied with regard to the extent of their authority over the same." The petitioners pray for a writ of *mandamus*, requiring the defendants to proceed to do such things as may be required

under the Act of 1896, ch. 202, to conduct the election according to the provisions of that Act.

The answer of the defendants admits the facts set forth in petition, but allege that the municipal election of the city of Annapolis under the provisions of sec. 13 of Act of 1896, ch. 202, are excepted from the jurisdiction and control of the supervisors of election and of the judges and clerks of election appointed by them, and are controlled by the provisions of chapter 533 of Acts of 1894.

The only question in the case, therefore, is, whether the Act of 1894, chapter 533, has been repealed by the Act of 1896, ch. 202. The former Act provides that sec. 160 of Article 33 of the Code as enacted by chapter 538 of the Act of 1890, and the provisions of new section 166 of the same Article, as enacted by chapter 701 of the Acts of 1892, shall not apply to municipal elections in the city of Annapolis. It further provides that the corporation shall appoint three persons to be judges of "its municipal elections, any two of whom shall have power to hold such election," and shall also appoint the necessary clerks. The judges and clerks so appointed are to qualify before the Mayor or any justice of the peace of the city, and in the execution of their duties and in the manner of conducting elections, they are to conform "in every respect to the provisions of the Code," &c. The city of Annapolis is to pay all the expenses of the election and provide ballots and all other materials and machinery necessary for the holding of said municipal elections. And, it is further provided, "the supervisors of election in Anne Arundel County are relieved from all duties and responsibilities in connection with said municipal elections."

It is contended this Act is repealed by the Act of 1896, ch. 202. The Act of 1896, it is true, devised an entirely new scheme for all elections in the State of Maryland, and unless there is something in it effective to retain the Act of 1894, above referred to, the latter Act must be repealed, inasmuch as by the third section of the Act of 1896, ch.

202, it is provided that that Act shall take effect from the date of its passage, " and all Public General Laws or Public Local Laws or parts thereof which are inconsistent" with its provisions " are hereby repealed."

The thirteenth section of the Act of 1896, however, provides, " that in any incorporated city, or town, in this State (other than the city of Baltimore), in which the municipal or charter elections thereof are now regulated by the Public Local Laws of the State, the conduct of such municipal or charter elections shall continue to be so regulated as heretofore and such Local Law shall continue in force therein." Without extending this opinion we content ourselves with saying, we think this section leaves unrepealed and in full force the Act of 1894, ch. 533. That Act, as has been stated, requires that the judges of election shall be appointed by the corporation of the city of Annapolis and not by the supervisors ; and also the necessary clerks. In the execution of their duties, and in the manner of conducting the elections, the Act of 1896, ch. 202, must control them, so that they conform as far as possible in every respect to its provisions, and they are also subject to the same penalties as other judges and clerks of election in the State.

The order of the Court below must therefore be affirmed.

*Order affirmed with costs.*

(Decided June 24th, 1897).